UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS CARBAJAL
7902 John Adams, Apt #1
Annandale, VA  22003

      Plaintiff,

v.                                             Civil Action No. 1:10CV9

Renzo Queirolo                                 (Jury Demanded)   GBL/IDD
6529 Wren Drive
Springfield, VA  22150

and

RQ CONSTRUCTION COMPANY
6529 Wren Drive
Springfield, VA  22150

      Defendants.

## COMPLAINT

### Parties

COMES NOW the Plaintiff, Carlos Carbajal, through his attorney, Nils G. Peterson, and for his Complaint against the Defendants, RQ Construction Company and Renzo Queirolo, alleges as follows:

1. Plaintiff Carlos Carbajal is a resident of the Commonwealth of Virginia. Defendants employed Plaintiff in the Commonwealth of Virginia.

2. Defendant RQ Construction Company is a Virginia business and has done business in the Virginia during all times material hereto. Defendant RQ Construction Company's principal place of business is Fairfax County Virginia. Defendant Renzo Queirolo is the owner and operator of RQ Construction Company. RQ construction Company and Renzo Queirolo are both employers of Plaintiff as

defined in Section 203 of the Fair Labor Standards Act, 29 USC 201 et seq.

### COUNT I   FAILURE TO PAY PROPER WAGES

3. Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA") and pendent jurisdiction.

4. At all times hereinafter mentioned, Defendants were engaged in the provision of construction services in the Virginia. The provision of such services directly affects interstate commerce. During the course of his employment Plaintiff affected interstate commerce by his actions in consuming goods that traveled in interstate commerce.

5. From June 2008 to July 2008, Defendants employed Plaintiff as a remodeler in Virginia.

6. Plaintiff's positions was non-exempt under the FLSA.

7. Plaintiff worked under an oral contract that paid him $100 per day for 8 hours. Plaintiff was required to work hours over 40 per week in some weeks. During his employment Plaintiff was not paid proper overtime for the work time spent over 40 hours in some weeks.

8. On information and belief, Plaintiff worked weeks of over forty hours.

9. Defendants were aware that Plaintiff regularly performed such extra work and Defendants required this extra work as a condition of continued employment.

10. Defendants condoned and benefitted from the performance

of such extra work time over 40 hours per week.

11. Plaintiff was not properly compensated by Defendants for the hours over forty per week he worked during the period of his employment.

12. Upon information and belief, Defendants knew of its duty and obligation to pay proper overtime wages for all the hours worked in excess of 40 hours per work week, and Defendants knowingly failed and refused to follow the lawful requirements. Defendants' acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendants' wilful failure to pay proper overtime in violation of §7 of the Act, 29 U.S.C. §207.

### COUNT II - BREACH OF CONTRACT

15. Plaintiff restates and realleges paragraphs 1-14.

16. Prior to beginning his work for Defendants, the Plaintiff and Defendants RQ Construction Company and Renzo Queirolo entered into an employment contract for $100 per 8 hour day.

17. Defendants Renzo Queirolo and RQ Construction Company failed to pay Plaintiff anything for some days that he worked and

did not pay for all hours worked despite Plaintiff asking to be paid.

18. Plaintiff has suffered damages because of Defendants' failure to pay him the wages that were earned but not paid and Defendant .

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment against Defendant RQ Construction Company for the amount of unpaid wages promised to and earned by plaintiff.

### JURY

Plaintiffs request a jury trial on all issues.

Carlos Carbajal
By Counsel

_/s/ Nils Peterson_
Nils G. Peterson
VA Bar No. 29547
2009 N. 14th Street, Suite 708
Arlington, VA  22201
(703) 527-9900